## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| | : | No.  12-414 |
| In re:  TERRI MATTHEWS | : | |
| Debtor | : | BANKRUPTCY CASE |
| | : | No.  10-16869 |

### MEMORANDUM

YOHN, J.                                                                                              August 9, 2012

      Alan B. Kane, Esquire ("Kane"), appeals from the bankruptcy court's order granting debtor Terri Matthews's motion for payment of unclaimed funds. Kane, who represented Matthews during her Chapter 13 bankruptcy, argues that the bankruptcy court should have granted his application for attorney's fees and ordered the unclaimed funds dispersed to him instead of returned to Matthews. For the reasons that follow, I conclude that the bankruptcy court misapplied the relevant law and I will remand the case for further action.

## I.      PROCEDURAL HISTORY

      On August 16, 2010, Matthews filed her Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. At all times during the bankruptcy, Matthews was represented by Kane. On December 23, 2010, as a result of Matthews's failure to make all of her plan payments, the Chapter 13 trustee filed a motion to dismiss the bankruptcy. On March 22, 2011, Kane filed an application for compensation for a professional person (the "fee application"). No objections to the fee application were filed. On April 14, 2011, without ruling on the fee application, the bankruptcy court dismissed Matthews's bankruptcy before it was confirmed.[1] The dismissal order did not expressly retain jurisdiction to rule on the fee

---

[1] On July 8, 2011, Matthews filed a second Chapter 13 petition. Again, the trustee has filed a motion to dismiss.

application.

On May 6, 2011, the trustee issued a check payable to Matthews for the payments she had made in the amount of $1,247.40 under the now dismissed bankruptcy plan (the "unclaimed funds"). The check was sent to Kane's office. Kane did not forward the check to Matthews and did not respond to her requests for the check. On November 7, 2011, the trustee issued a new check for the unclaimed funds to the clerk of the bankruptcy court. On November 30, 2011, Matthews filed a motion for payment of unclaimed funds requesting that the bankruptcy court direct the clerk of court to pay her the funds.  On December 20, 2011, Kane filed objections to this motion. After a hearing, the bankruptcy court granted Matthews's motion on December 22, 2011, and ordered that the unclaimed funds be returned to her. The bankruptcy court never ruled on Kane's fee application.

On December 23, 2011, Kane filed his notice of appeal of the bankruptcy court's December 22, 2011, order granting Matthews's motion. The bankruptcy court filed a memorandum in support of its order on January 6, 2012.

## II.    STANDARD

The district courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts. Under the Federal Rules of Bankruptcy Procedure, a district court, sitting as an appellate tribunal, "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. In so doing, the district court applies a clearly erroneous standard to review a bankruptcy court's factual findings and a de novo standard to review its conclusions of law. *See In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994). Additionally, a district court's review of  "mixed questions of law and fact[] is

2

plenary." *Jones v. Chemetron Corp.*, 212 F.3d 199, 204-05 (3d Cir. 2000).

## III.   DISCUSSION

In its January 6, 2012, memorandum, the bankruptcy court concluded that it did not have jurisdiction over the unclaimed funds following its dismissal of Matthews's bankruptcy and thus the court declined to address Kane's pending fee application. Because this was a conclusion of law, I review the bankruptcy court's determination de novo.

This appeal requires me to consider the interaction of seemingly inconsistent provisions of the Bankruptcy Code. Fortunately, the Honorable Eric L. Frank has already grappled with these thorny Code sections and I am guided by his thorough and well-reasoned decision in *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006), the reasoning of which I find persuasive.

In *Lewis*, the trustee filed motions to dismiss Lewis's Chapter 13 bankruptcy after she failed to make timely plan payments. *Id*. at 93. As a result of the pending motions to dismiss, Lewis's attorney filed a motion for legal fees. *Id*. at 93-94. In two separate orders entered on the same day, the bankruptcy judge handling the action at that time granted the motions to dismiss and denied the motion for legal fees pursuant to 11 U.S.C. § 349(b)(3). *Id*. at 94. Section 349(b)(3) provides that, after the bankruptcy is dismissed, and unless the court orders otherwise for cause, the bankruptcy court must return "the property of the estate [to] the entity in which such property was vested immediately before the commencement of the case[,]" which typically would be the debtor. Relying on this provision, the bankruptcy court concluded that it was required to return Lewis's plan payments to her, and, thus, could not pay those funds to the attorney. *Id*.

On appeal, the Honorable Juan R. Sánchez vacated the bankruptcy court's order on the fee motion. *See In re Lewis*, No. 05-6780, 2006 WL 562970 (E.D. Pa. Mar. 7, 2006). Judge Sánchez

3

concluded that the bankruptcy court erred by relying solely on section 349(b)(3) in denying the fee motion. 346 B.R. at 95. Judge Sánchez held that the bankruptcy court should have investigated the interplay between section 349(b)(3) and, *inter alia,* section 1326(a)(2), which provides that when a bankruptcy plan is not confirmed, "the trustee shall return any [prior] payments . . . to the debtor, after deducting any unpaid claim allowed under section 503(b)."[2] 11 U.S.C. § 1326(a)(2); *Lewis*, 346 B.R. at 95. In Lewis's case, where the plan was not confirmed and the bankruptcy has been dismissed, sections 349(b)(3) and 1326(a)(2) appear to dictate seemingly different results—section 349(b)(3) provides that if a bankruptcy case is dismissed, the trustee *shall* return the property of the estate to the debtor unless the court orders otherwise for cause, but section 1326(a)(2) provides that when the plan is not confirmed, the trustee *must* deduct any unpaid administrative expenses allowed under section 503(b) before returning the property to the debtor. Thus, Judge Sánchez remanded the case for further consideration.

On remand, Judge Frank observed that "whether § 1326(a)(2) or § 349(b)(3) is the dominant Code provision for determining the rights of administrative claimants upon dismissal of a chapter 13 case . . . dictates whether allowed administrative expenses presumptively are to be paid from the undistributed plan payments held by the chapter 13 trustee (pursuant to § 1326(a)(2)) or whether an administrative claimant must establish 'cause' before [ ] administrative expense[s] [may be] deducted from the monies on hand (pursuant to § 349(b)(3))." *Lewis*, 346 B.R. at 105.

Before answering this question, Judge Frank first addressed whether the court had jurisdiction to rule on the issue. "[A]s a general rule, the bankruptcy court lacks jurisdiction over

_____

[2] Section 503(b) governs the allowance of administrative expenses generally and includes, through Section 330(a), reasonable compensation for the debtor's counsel.  11 U.S.C. §§ 503(b)(2), 330(a)(4)(B).

proceedings related to the bankruptcy after dismissal of the underlying case." *Id*. at 101. However, section 349(b)(3) provides a "statutory exception" to this principle when a court orders that property "remain[] in the estate" instead of automatically reverting to the debtor upon dismissal of the bankruptcy, "thereby providing subject matter jurisdiction to resolve disputes relating to that property." *Id*. at 101. Since the dismissal order in *Lewis* did not explicitly retain jurisdiction to "modify the revesting of the estate assets in the Debtor pursuant to § 349(b)(3)" it was unclear whether the court had jurisdiction to do so. *Id*. at 103.

Judge Frank viewed the dismissal of the case and the denial of the fee petition as two separate issues since they were governed by two separate orders. *Id*. Because neither party appealed the order dismissing the bankruptcy, Judge Frank considered that ruling final. *Id*. However, Judge Frank concluded that Lewis's attorney had adequately preserved his rights under section 349(b)(3) by appealing the denial of his fee application. *Id*. Thus, the court had jurisdiction to rule on the merits of the fee petition regardless of the wording of the dismissal order. *Id*.

On the merits, Judge Frank ultimately concluded that:

(1) § 349(b)(3) is the controlling provision in determining the disposition of all estate property upon dismissal of a bankruptcy case; (2) the purpose of § 1326(a)(2)—to surcharge the debtor for the allowed costs of administration if a chapter 13 plan is not confirmed—is a sufficient basis for the court to exercise its discretion under § 349(b)(3) to override the presumptive revesting of the undistributed plan payments "for cause" upon dismissal of a chapter 13 case; and (3) if a request for the allowance of an administrative expense is pending at the time of dismissal of a chapter 13 case, the asserted entitlement ordinarily will constitute "cause" for the entry of an order modifying the presumptive revesting of estate property under § 349(b)(3).

*Id*. at 105. Related to his third holding, Judge Frank similarly held that if the debtor's counsel files a fee application prior to the dismissal of the bankruptcy, the fee application functions as a request

5

that the court order that the estate property not immediately be returned to the debtor. *Id*. at 103.

I agree with the bankruptcy court that *Lewis* is relevant to and helpful in deciding whether the unclaimed funds should be returned to Matthews or dispersed to Kane in compensation for his legal services. However, a de novo review of this case leads me to the opposite conclusion of the bankruptcy court.

Like Lewis's attorney, Kane filed his fee application before Matthews's bankruptcy was dismissed. Therefore, Kane's application functioned as a request that the bankruptcy court retain jurisdiction to rule on the fee application and not automatically return the unclaimed funds to Matthews after dismissal. *Id*. The bankruptcy court failed to act on Kane's request as well as his fee application and dismissed the case without expressly retaining jurisdiction to rule on his fee application. Eventually, while Kane's fee application remained unresolved, Matthews filed her motion for the unclaimed funds, to which Kane objected, and which the bankruptcy court granted. Kane then appealed the order granting Matthews's motion. Pursuant to *Lewis*, the filing of the fee application and the appeal of the bankruptcy court's order granting Matthews's motion for the unclaimed funds preserved Kane's rights and the bankruptcy court retained jurisdiction over this aspect of the case.[3] *Id*. at 103, 105.

However, instead of following *Lewis*, the bankruptcy court distinguished it because: (1) the bankruptcy court in *Lewis* ruled on the fee motion before dismissing the case, whereas here the court never ruled on the fee application; and (2) Kane "took no action either prior or subsequent to the entry of the Dismissal Order to preserve any purported right under § 349(b)(3)." (Doc. 3, Ex. 1

---

[3] As in *Lewis*, no party appealed the dismissal of the bankruptcy, so that ruling is final. But the issue regarding the unclaimed funds remains active.

at 4.) First, Kane had no control over whether the bankruptcy court ruled on his fee application and he should not be penalized for the court's failure to do so. Second, Kane did take actions to preserve his rights under § 349(b)(3): he filed his fee application prior to dismissal and he appealed the first and only order of the bankruptcy court relevant to his fees. Obviously, Kane could not appeal any ruling on his fee application since the bankruptcy court never ruled on it. Thus, the bankruptcy court has failed to adequately distinguish *Lewis* from the current case.

Pursuant to *Lewis*, I conclude that the filing of the fee application prior to the dismissal of the case and the appeal of the bankruptcy court's order granting the motion of Matthews for the unclaimed funds preserved Kane's rights and the bankruptcy court retained jurisdiction over this aspect of the case.[4] Having jurisdiction over the fee application, the bankruptcy court should then decide whether Kane established cause for diverging from the presumptive revesting requirement of section 349(b)(3), thus authorizing the consideration of administrative expense payments under section 1326(a). Typically, the prior filing of the fee application would establish sufficient cause. *Id*. at 105. If cause is established, the court should then exercise its jurisdiction and rule on the merits of Kane's fee application.

## IV.    CONCLUSION

Reviewing the bankruptcy court's application of *Lewis* to the procedural history of this case de novo, I conclude that this case is not distinguishable from *Lewis* in the manner relied upon by the bankruptcy court. I will vacate the bankruptcy court's December 22, 2011, order granting Matthews's motion for payment of unclaimed funds and remand the case for further consideration

---

[4] In light of the pending fee application, the bankruptcy court ideally should have expressly retained jurisdiction over that issue when it dismissed the case.

consistent with this memorandum.

On remand, the bankruptcy court should make findings and conclusions as to whether Kane's filing of his fee application before the dismissal of the case and his appeal of the court's order granting Matthews's motion for the unclaimed funds constituted cause for overriding the presumptive return of the unclaimed funds to Matthews. As noted above, typically, the filing of a fee application before the dismissal of the case will constitute cause under section 349(b)(3). *Lewis*, 346 B.R. at 105. If the bankruptcy court determines that such cause exists, it shall then rule on the merits of Kane's application.

An appropriate order follows.